UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DAVID GREEN,

  *Plaintiff*,

v.                                          Case No.  SA-23-CV-00869-JKP

DENIS MCDONOUGH, U.S. DE-
PARTMENT OF VETERANS AF-
FAIRS;

  *Defendant*.

## ORDER

      Before the Court is Defendant Denis McDonough, Secretary, U.S. Department of Veterans Affairs's (hereinafter "the VA") Motion to Dismiss the Second Amended Complaint. *ECF Nos. 36,39*. Plaintiff responded. *ECF No. 38*. Upon consideration of the Motion, responsive filings, the Second Amended Complaint, and Plaintiff Green's previous Complaints and opportunities to amend, the Court concludes it must provide Green notice of its intent to proceed solely upon the Second Amended Complaint filed in this action, and it must allow briefing to provide Green an opportunity to respond to this course of action. For this reason, the Motion to Dismiss is dismissed without prejudice to refiling after briefing.

## UNDISPUTED FACTUAL BACKGROUND

      Green began working as a Biomedical Equipment Support Specialist at the VA in 2011 at a level of GS-9. At the time he was 62 years' old. During his employment, on May 21, 2015, June 8, 2016, and August 6, 2018, Green filed three separate Complaints with the Equal Employment Opportunity Commission (EEOC), which were eventually consolidated within the ad-

1

ministrative review process. In these EEOC Complaints, Green asserted acts of age discrimination, hostile work environment, and retaliation for his pursuit of redress through the administrative process. The EEOC ultimately found Green was subject to retaliation with respect to his performance review by his first-line supervisor and was awarded relief on this Complaint. The EEOC denied Green's other Complaints of age discrimination and hostile work environment. Green then filed suit in this Court an action numbered: 5:22-cv-00423-JKP ("the 423 action").

In his Second Amended Complaint in the 423 action, Green asserted causes of action for: (1) age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act; (2) hostile work environment based upon age in violation of the ADEA; (3) retaliation in violation of the ADEA and Title VII, and (4) retaliatory hostile work environment in violation of Title VII. The VA filed a Partial Motion to Dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim. *423 action, ECF No. 28*. This Court denied in part and granted in part the VA's Partial Motion to Dismiss. *423 action, ECF No. 36.* To the extent Green attempted to assert an age discrimination cause of action under Title VII, this Court granted the VA's Motion to Dismiss, and dismissed this cause of action. *Id*. To the extent Green attempted to assert a retaliation cause of action under Title VII, this Court granted the VA's Motion to Dismiss, and dismissed this cause of action. *Id*. Further, Green appeared to support his age discrimination cause of action upon allegations previously named as "Allegation #1-#3", which this Court found were not timely reported to the EEO Officer. *Id., p. 5*. Consequently, this Court granted the VA's Motion to Dismiss these certain allegations as support for Green's age discrimination cause of action, only. *Id*. This Court denied the Motion to Dismiss the cause of action of age discrimination under the ADEA. *Id*. This Court deferred ruling on the issue of whether Green sufficiently alleged an adverse employment action in the discrimination context

because the Fifth Circuit had granted en banc rehearing in *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023), expressing its intent to revisit the definition of an adverse employment decision, and this decision directly guided decision in this case. *Id.*; *see also Green v. McDonough*, No. SA-22-CV-00423-JKP, 2022 WL 17330852, at *1-6 (W.D. Tex. Nov. 28, 2022).

    Before the Fifth Circuit's determination of en banc rehearing of *Hamilton*, in July 2023, Green filed this second action in this Court based on new alleged incidents of employment discrimination that occurred after the filing of the 423 action, from May to August 2022. *ECF No. 1*, *23-cv-00869-JKP* ("the 869 action"). Based on these alleged new incidents of discrimination, Green alleged violation of the Age Discrimination in Employment Act (ADEA), only, based upon discrimination, retaliation, hostile work environment, and constructive discharge solely. Green moved to consolidate the 423 action with this second action, the 869 action. *423 action, ECF Nos. 46, 47*. This Court granted Green's Motion to Consolidate, administratively closed the 423 action, and made the 869 action the lead case. *869 action*, *ECF No. 10*. Following this consolidation of the two actions, Green amended the Complaint on November 8, 2023. *869 action, ECF No. 13*. After the Scheduling Order deadline to amend the Complaint expired, Green sought leave to amend his Complaint, again, this time to add details regarding to support the allegation of age discrimination that occurred between May and August 2022. *ECF No. 25*. The requested Second Amended Complaint did not seek to raise holdover causes of action from the 432 action. This Court granted Green's requested leave to amend, and Green filed the live pleading in the consolidated 869 action, the Second Amended Complaint. *ECF Nos. 33, 34*. The VA then filed this Motion to Dismiss in which it seeks dismissal of causes of action held over from the 423 action under Federal Rule 12(c) and dismissal of the causes of action in the Second Amended

3

Complaint in this consolidated 869 action for failure to state a claim under Federal Rule 12(b)(6). *ECF No.36*.

## DISCUSSION

Before addressing the VA's Motion to Dismiss, the Court must ascertain the live causes of action, given the consolidation of the 423 action with the 869 action and the numerous amendments of the Complaint before and after consolidation.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). To incorporate by reference, the amended pleading must specifically and clearly identify the incorporated parts of the superseded pleading for the Court and parties to easily determine the nature and extent of the incorporation. *Id.*; *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006); *Wolfe v. Charter Forest Behavioral Health Sys., Inc.,* 185 F.R.D. 225, 228–29 (W.D. La. 1999). Failure to provide the required clarity of incorporation must result in waiver or abandonment of those portions not incorporated into a superseding amendment. *King*, 31 F.3d at 346; *Carroll*, 470 F.3d at 1176. In the event a Court dismisses a cause of action sua sponte based upon a party's failure to specifically and clearly incorporate it into a superseding amended pleading, the Court must ensure this procedure is fair by providing the plaintiff both notice of the court's intention and an opportunity to respond. *Carroll*, 470 F.3d at 1177; *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998).

In *Wolfe*, after three separate amendments, the Court concluded the plaintiff's incorporation of any previous pleadings was not sufficiently specific, and the pleading history of the case was not clear, such that the Defendant could not easily determine the extent and nature of any

4

attempted incorporation. *Wolfe,* 185 F.R.D. at 229. As in *Wolfe*, here, following consolidation of the two actions, Green amended the Complaint twice, once after expiration of the Scheduling Order deadline to do so. *ECF Nos. 13, 34*. In the live Second Amended Complaint, Green states he, "has an existing complaint with the Court, attached hereto for reference, which provides background facts regarding Mr. Green's employment with [the VA]." *ECF No. 34, p. 1*. The "existing complaint" to which Green refers and attaches is the Second Amended Complaint in the 423 action. Green also states he "incorporates by reference the facts alleged in his Second Amended Complaint in his Case No. 22-cv-00423." *Id*. at p. 2. Green does not assert, nor specify, any other incorporation of the superseded pleading, particularly any causes of action.

As in *Wolfe*, Green amended his Complaint twice without incorporating any holdover causes of action from the 423 action or specifying which causes of action or which factual allegations of discrimination he intended to assert in this consolidated 869 case. Simply attaching the former Complaint to the Second Amended Complaint is not sufficient to specifically and clearly identify the incorporated parts of the superseded pleading for this Court and parties to easily determine the nature and extent of the incorporation. *See King*, 31 F.3d at 346; *Carroll*, 470 F.3d at 1176; *Wolfe,* 185 F.R.D. at 228–29. Consequently, given the sequence and number of amendments of the Complaint in this action after consolidation, the Court finds Green incorporates into the Second Amended Complaint only the background facts alleged in his Second Amended Complaint in 423 action as a reference to the workplace environment and alleged discrimination, and nothing else. Green had two opportunities to incorporate any causes of action from the 423 action into the consolidated case upon filing the Amended Complaint on November 8, 2023, and the live Second Amended Complaint on February 20, 2024. *ECF Nos. 13, 34*. However, Green did not provide enough information or clarification of any incorporation other than intention to

incorporate the background facts. *See ECF No. 34, pp. 1-2; Carroll*, 470 F.3d at 1176; *Wolfe,* 185 F.R.D. at 228–29.

Given this procedural history, the Court finds the Second Amended Complaint in the 869 action incorporated only the alleged background facts within the superseded Second Amended Complaint in the 423 action, and is the live Complaint in this consolidated action. In this live Second Amended Complaint, the Court finds Green asserts (1) "unlawful employment discrimination and retaliation in violation the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§15621 et seq. (ADEA)"; (2) "hostile work environment due to his age and prior EEO activity in violation of the ADEA"; (3) "disparate treatment with respect to numerous adverse employment actions due to his age and protected EEO activity in violation of the ADEA", and (4) "wrongful termination because of his age and protected EEO activity in violation of the ADEA" based solely upon the alleged acts of discrimination that occurred from May to August 2022. *ECF No. 34, p. 5.*

To ensure this procedure is fair, and to provide "both notice of the court's intention and an opportunity to respond," the Court will provide Green a final opportunity to show the Court why this conclusion is not proper or to provide reason to find the causes of action asserted in the 423 action were not waived or abandoned upon the two amendments of the Complaint following consolidation. *See Carroll*, 470 F.3d at 1177; *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998).
Should Green assert the causes of action remaining after this Court's Memorandum Opinion and Order granting in part and denying in part the VA's Motion to Dismiss filed in the 423 action are incorporated into the Second Amended Complaint filed in the 869 action, he must outline for the

Court those specific causes of action and the factual allegations upon which they rest in a clear and concise manner.

Green must provide briefing on this matter on or before September 11, 2024. The VA may provide reply briefing on or before September 23, 2024. Based upon this additional briefing, the Motion to Dismiss is dismissed subject to refiling after briefing and the Court's final ruling following briefing to clarify the live causes of action.

The Clerk of Court is directed to dismiss the VA's Motion to Dismiss subject to refiling.

It is so ORDERED.
SIGNED this 28th day of August, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE