UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DAVID GREEN,**

  *Plaintiff*,

v.

**DENIS MCDONOUGH, U.S. DE-
PARTMENT OF VETERANS AF-
FAIRS;**

  *Defendant*.

Case No. SA-23-CV-00869-JKP

## O R D E R

Before the Court is the status of this matter and the parties' briefing in response to the Court's Order dated August 28, 2024. *ECF Nos. 40,41,42*. Upon consideration, the Court concludes good cause exists to allow the Second Amended Complaint in this case to assert and incorporate the background facts of the Second Amended Complaint in the consolidated case. Further, these incorporated facts may serve as bases for the causes of action asserted in the Second Amended Complaint in this action, only. This litigation will proceed on the Second Amended Complaint (*ECF No. 34*) and only upon the causes of action asserted therein: (1) age discrimination in violation of the ADEA; (2) hostile work environment based upon age in violation of the ADEA; (3) retaliation in violation of the ADEA; and (4) retaliatory hostile work environment in violation of the ADEA. Any asserted cause of action for retaliatory hostile work environment in violation of Title VII is dismissed.

## UNDISPUTED FACTUAL AND PROCEDURAL BACKGROUND

Green began working as a Biomedical Equipment Support Specialist at the VA in 2011. At the time he was 62 years' old. During his employment, on May 21, 2015, June 8, 2016, and August 6, 2018, Green filed three separate complaints with the Equal Employment Opportunity Commission (EEOC), which were eventually consolidated within the administrative review process. In these EEOC complaints, Green asserted acts of age discrimination, hostile work environment, and retaliation for his pursuit of redress through the administrative process. The EEOC ultimately found Green was subject to retaliation with respect to his performance review by his first-line supervisor and was awarded relief on this EEOC complaint. The EEOC denied relief on Green's other complaints of age discrimination and hostile work environment. Green then filed suit in this Court in an action styled, *Green v McDonough*, 5:22-cv-00423-JKP ("the 423 action").

In his Second Amended Complaint in the 423 action, Green asserted causes of action for: (1) age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act; (2) hostile work environment based upon age in violation of the ADEA; (3) retaliation in violation of the ADEA and Title VII, and (4) retaliatory hostile work environment in violation of Title VII. *423 action, ECF No. 28*. The VA filed a Partial Motion to Dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim. *423 action, ECF No. 32*. This Court denied in part and granted in part the VA's Partial Motion to Dismiss. *423 action, ECF No. 36*.

To the extent Green attempted to assert age discrimination and retaliation causes of action under Title VII, this Court granted the VA's Motion to Dismiss and dismissed these causes of action. *Id*. Further, Green appeared to support his age discrimination cause of action with alle-

gations previously named as "Allegation #1-#3", which this Court found were not timely reported to the EEO Officer. *423 action, ECF No. 36 at p. 5*. Consequently, this Court granted the VA's Motion to Dismiss these three allegations as support for Green's age discrimination cause of action, only. *Id*. This Court denied the Motion to Dismiss the cause of action of age discrimination under the ADEA. *Id*. This Court deferred ruling on the issue whether Green sufficiently alleged an adverse employment action in the discrimination context because the Fifth Circuit had granted en banc rehearing in *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023), expressing its intent to revisit the definition of an adverse employment decision, and this impending decision directly guided decision in this case. *Id.*; *see also Green v. McDonough,* No. SA-22-CV-00423-JKP, 2022 WL 17330852, at *1-6 (W.D. Tex. Nov. 28, 2022). Thus, the causes of action remaining in the 423 action following this Court's ruling on the VA's Motion to Dismiss were: (1) age discrimination in violation of the ADEA; (2) hostile work environment based upon age in violation of the ADEA; (3) retaliation in violation of the ADEA, and (4) retaliatory hostile work environment in violation of Title VII. *423 action, ECF Nos. 28, 36.*

Before the Fifth Circuit's determination of en banc rehearing of *Hamilton*, in July 2023, Green filed this second action in this Court based on new alleged incidents of employment discrimination that occurred after the filing of the 423 action and between May and August 2022. *ECF No. 1*, *23-cv-00869-JKP* ("the 869 action"). Based on these alleged new incidents of discrimination, Green alleged causes of action for: (1) age discrimination in violation of the ADEA; (2) hostile work environment based upon age in violation of the ADEA; (3) retaliation in violation of the ADEA, and (4) retaliatory hostile work environment in violation of the ADEA.[1] *859*

---

[1] The Court notes Green states in the "Statement of Claims" section of the Second Amended Complaint: The VA subjected him "to disparate treatment with respect to numerous adverse employment actions due to his age and protected EEO activity in violation of the ADEA," and the VA subjected him "wrongful termination because of his age and protected EEO activity in violation of the ADEA." *ECF No. 34, pars. 19-20*. These statements are not recog-

*action, ECF No. 34, pars. 17-18*. Upon filing the 869 action, Green filed a Motion to Consolidate in the 423 action, which this Court granted. Thereby, the 423 action was closed and consolidated into the 869 action, and the 869 action became the lead case. *869 action*, *ECF No. 10*.

Following this consolidation of the two actions, Green amended the Complaint on November 8, 2023. *869 action, ECF No. 13*. In the Amended Complaint, Green states he "has an existing complaint with the Court, attached hereto for reference, which provides background facts regarding [Mr. Green's] employment with [the VA]." *ECF No. 34, p. 1*. Under the Section titled, "*Facts Giving Rise to the Instant Complaint,*" Green states he "incorporates by reference the facts alleged in his Second Amended Complaint in his Case No. 22-CV-423." *ECF No. 34, p.2, par. 6*. In the "Statement of Claims" section, the Amended Complaint did not specifically raise holdover causes of action from the 423 action. *ECF No. 34, p.5, pars. 17-18.*

After the Scheduling Order deadline to amend the Complaint expired, Green sought leave to amend his Complaint again, this time to add details to support an allegation of age discrimination that occurred between May and August 2022. *ECF No. 25*. This Court granted Green's requested leave to amend, and Green filed the live pleading in the consolidated 869 action, the Second Amended Complaint. *ECF Nos. 33, 34*. The live Second Amended Complaint also states Green "has an existing complaint with the Court, attached hereto for reference[2], which provides background facts regarding [Mr. Green's] employment with [the VA]." *ECF No. 34, p. 1*. Under the Section titled, "*Facts Giving Rise to the Instant Complaint,*" Green states he "incorporates by reference the facts alleged in his Second Amended Complaint in his Case No. 22-CV-423." *ECF*

---

nized independent causes of action, but are, instead, elements of the already asserted causes of action of age discrimination and retaliation. Consequently, the Court will not recognize or discuss these two "Statement of Claims" as live or viable causes of action.

[2] The Court notes Green did not attach any "existing complaint" to the Second Amended Complaint. This omission could be fatal to Green's reference here. However, Green did attach the Second Amended Complaint in the 423 action to the Original Complaint filed in this action, and the 423 action was before this Court prior to its consolidation. Thus, the Court will provide Green liberal construction to avoid this harsh result.

4

*No. 34, p.2, par. 6*. In the "Statement of Claims" section, the Second Amended Complaint did not specifically assert holdover causes of action from the 423 action. *ECF No. 34, p.2, pars. 17-18*.

The VA then filed a Motion to Dismiss in which it sought dismissal of causes of action held over from the 423 action under Federal Rule 12(c) and dismissal of the causes of action asserted in the Second Amended Complaint in this consolidated 869 action for failure to state a claim under Federal Rule 12(b)(6). *ECF No. 36*. Upon review of the Motion to Dismiss, this Court ordered briefing to ascertain the live causes of action, given the consolidation of the 423 action with the 869 action and the numerous amendments of the Complaint before and after consolidation. After outlining the procedural history and the numerous amendments of the Complaints, the Court discussed its understanding that the Second Amended Complaint in the 869 action incorporated only the alleged background facts within the superseded Second Amended Complaint in the 423 action, and is the live Complaint in this consolidated action. In this live Second Amended Complaint in the 869 action, this Court reiterated the asserted causes of action of: (1) "unlawful employment discrimination and retaliation in violation the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§15621 et seq. (ADEA)"; (2) "hostile work environment due to his age and prior EEO activity in violation of the ADEA"; (3) "disparate treatment with respect to numerous adverse employment actions due to his age and protected EEO activity in violation of the ADEA", and (4) "wrongful termination because of his age and protected EEO activity in violation of the ADEA" and explained these asserted "Statement of Claims" were based solely upon the alleged acts of discrimination that occurred from May to August 2022. *ECF No. 34, p. 5*.

Based upon cited precedence pertaining to amendment of complaints, this Court explained its conclusion that Green abandoned or waived all or any asserted causes of action not specifically stated in the live Second Amended Complaint. *Id*. However, to afford all parties notice of the Court's intention and an opportunity to respond, the Court provided Green a final opportunity to show the Court why this conclusion is not proper or to provide reason to find the causes of action asserted in the 423 action were not waived or abandoned upon the two amendments of the Complaint following consolidation. *ECF No. 34.* Further, this Court ordered that should Green contend the remaining causes of action asserted in the 423 action are incorporated into the Second Amended Complaint filed in the 869 action, he must outline for the Court those specific causes of action and the factual allegations upon which they rest in a clear and concise manner. *Id*.

The parties filed the ordered briefing. Consequently, this Court must determine whether Green's incorporation language, stating he "incorporates by reference the facts alleged in his Second Amended Complaint in his Case No. 22-CV-423", rather than typical specific incorporation language of a pleading and its causes of action, was sufficient to assert Green intended these facts to apply to and serve as the bases for the causes of action asserted in the Second Amended Complaint in this case.

**LEGAL STANDARD**

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *see* Fed. R. Civ. P. 10. To incorporate by reference, the amended pleading must specifically and clearly identify the incorporated parts of the superseded pleading for the Court and parties to easily determine the nature

6

and extent of the incorporation. *Id*.; *New Orleans Ass'n of Cemetery Tour Guides v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006)); *Wolfe v. Charter Forest Behavioral Health Sys., Inc.,* 185 F.R.D. 225, 228–29 (W.D. La. 1999). Failure to provide the required clarity of incorporation must result in waiver or abandonment of those portions not incorporated into a superseding amendment. *King*, 31 F.3d at 346; *Carroll*, 470 F.3d at 1176. This requirement of clarity ensures fairness to the responding party, for without this requirement incorporations "may prove confusing and inconvenient." *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023); Wright & Miller § 1326 Adoption by Reference Permitted, 5A Fed. Prac. & Proc. Civ. § 1326 (4th ed.). The risk of such confusion and inconvenience is particularly high when a party seeks wholesale incorporation in an amended pleading of a superseded version of that same pleading. *Raskin*, 69 F.4th at 282. While Federal Rule 10 grants a pleader the privilege of incorporating "a statement" by reference for the purpose of brevity and judicial economy, this privilege is not without limits, as it can easily be abused. Rule 10. *Id*. Thus, "wholesale incorporations—particularly those that seek to incorporate superseded versions of a complaint—must be examined with special care." *Id*.

In balance, Federal Rule 10(a), and incorporations of pleadings allowed under it, must be applied to achieve its purpose, and "[p]leadings must be construed as to do justice." Fed. R. Civ. P. 8(a); *Raskin*, 69 F.4th at 282; *Carroll*, 470 F.3d at 1176. Following this balancing of interests, factual allegations and causes of action from an original complaint not specifically re-asserted in an amended complaint, but "incorporated by reference," may be allowed when there was no indication either the defendant or the court was confused about the nature and extent of the incorporation. *See Carroll*, 470 F.3d at 1176. Accordingly, when the pleading history is sufficiently

7

simple and there was no indication the parties or court were confused about the nature and extent of incorporation, a blanket incorporation can be sufficient to provide the opposing party with ample notice of factual claims or causes of action asserted. *Carroll,* 470 F.3d at 1176; *Andrews v. Dairy Farmers of Am., Inc.*, No. 2:11-CV-97, 2011 WL 5444245, at *10–11 (S.D. Miss. Nov. 9, 2011).

Further, reference to "prior pleadings" allowed under Federal Rule 10 is limited to prior pleadings in the same action, not pleadings in prior actions, even those involving the same parties. *Tex. Water Supply Corp. v. R.F.C.*, 204 F.2d 190, 196-97 (5th Cir. 1953). Consequently, allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference under Federal Rule 10. *Id.*; *see also Neff v. Commissioners of Schuylkill County Halcovage, Bender & Hess*, 2021 WL 4593577, *3 n.4 (M.D. Pa. 2021)(quoting Wright & Miller § 1326); *Halbert v. Credit Suisse AG*, 402 F. Supp. 3d 1288, 1302 (N.D. Ala. 2019); *Bly v. Circuit Court for Howard County, MD*, 2019 WL 2642831 (D. Md. 2019). Regardless whether incorporation of allegations from a pleading in a previous action is permissible in some cases, such a pleading would still remain subject to Federal Rule 8(a)'s mandate that a plaintiff provide a short and plain statement of its claim in the complaint. *See United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 465 (E.D.N.Y. 2007).

## DISCUSSION

First, prohibition of incorporation of prior pleadings from another action under Federal Rule 10 does not apply here because the 423 action is essentially this action, and the Second Amended Complaint and procedural history in that case is available to this Court. Thereby, the 423 action is not a "separate action" as anticipated in the Fifth Circuit's guiding case, *Texas Wa-*

*ter Supply Corp.. See Texas Water Supply Corp. v. RFC,* 204 F.2d at 197; *see also Glob. Oil Tools, Inc. v. Barnhill*, No. CIV.A. 12-3041, 2013 WL 3070838, at *9 (E.D. La. June 17, 2013).

Next, the Court concludes, in and of itself, Green's notification of "an existing complaint with the Court," and statement that this "existing complaint" "provides background facts regarding [Mr. Green's] employment with [the VA]," and statement that Green "incorporates by reference the facts alleged in his Second Amended Complaint in his Case No. 22-CV-423" are insufficient to also incorporate into the present action the causes of action asserted in the 423 action. This incorporation language was specifically limited to the background facts of the Second Amended Complaint in the 423 action and lacked the specificity required by Federal Rule 10. This incorporation language couched in terms of providing background facts does not implicate or even imply that Green intended to assert or incorporate the causes of action in the 423 action. Thus, Green's assertion that the incorporated facts must necessarily support the causes of action asserted in the "Statement of Claims" portion still requires presumption and implication. Federal Rule 10 requires specificity to avoid the problems presented by this vague and ambiguous incorporation of a portion of a prior pleading.

However, the Court must balance the harsh result of waiver of causes of action due to lack of specificity with the interest of construing the pleadings to do justice. *See* Fed. R. Civ. P. 8(a); *Raskin*, 69 F.4th at 282; *Carroll*, 470 F.3d at 1176. The Court recognizes this fatal omission by counsel and imposition of the strict procedural requirements of incorporation-by-refence results in an injustice by eliminating Green's causes of action, which he adamantly asserted since 2022, and, in this light, could not be Green's intended action. The Court also recognizes the procedural history of the 869 action and the substance of the VA's Motion to Dismiss the Second Amended Complaint indicate the VA presumed or understood Green intended his causes of ac-

9

tion asserted in the 423 action to carry over into this 869 action, and the VA understood the factual bases of these causes of action. *See ECF No. 36*.

Consequently, in the interest of justice and limited to the circumstances of this case, only, the Court will not terminate the causes of action held over from the 423 action. In this way, the purpose and intent of Federal Rules 8 and 10 are satisfied, even in light of the poor pleading practice. However, comparison of the causes of action asserted in the 423 action and the 869 action, as well as review of Green's briefing, reveals Green no longer asserts a cause of action for retaliatory hostile work environment under Title VII, but chooses to assert retaliatory hostile work environment under the ADEA. For this reason, the Court dismisses any asserted cause of action for retaliatory hostile work environment in violation of Title VII.

## CONCLUSION

Review of the docket sheet reveals this case was filed on July 13, 2023, and all of the original Scheduling Order deadlines are passed, resulting in Magistrate Judge Farrer's return of the case. It appears the case, or at least discovery, was stayed until resolution of the VA's Motion to Dismiss. Because this case is significantly delayed due to repeated opportunities to amend the Complaint and in the interest of fairness to the VA, this Court admonishes Green that any future requests to re-plead or amend the Complaint in this case, for any reason, will be looked upon unfavorably. This litigation will proceed on the Second Amended Complaint and only upon the causes of action asserted therein: (1) age discrimination in violation of the ADEA; (2) hostile work environment based upon age in violation of the ADEA; (3) retaliation in violation of the ADEA; and (4) retaliatory hostile work environment in violation of the ADEA. Any asserted cause of action for retaliatory hostile work environment in violation of Title VII is dismissed.

If it finds merit in doing so, the VA may file a Motion to Dismiss pursuant to Federal Rule 12 on or before fourteen days from the date of this Order. However, this Court's review of the previous Motion to Dismiss reveals the arguments asserted are better suited to a Motion for Summary Judgement. *ECF No. 36*. In this Motion, the VA conflates summary judgment arguments into the Federal Rule 12(b)(6) and (c) legal standard. The VA also reveals it is well aware of the substance and bases of each cause of action, and therefore, its arguments conflict with the notice-purpose of Federal Rules 8 and 12. Consequently, the VA is cautioned to review its intended arguments for any future Federal Rule 12 Motion to Dismiss to confirm it does not repeat arguments already asserted in its previous Motion to Dismiss and addressed the Court's Memorandum Opinion in the 423 case and to ensure it presents true arguments pertaining to Green's failure to assert a claim, rather than Green's inability to prove the cause of action.

It is so ORDERED.
SIGNED this 27th day of September, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE